**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| MIGUEL ARIAS a/k/a ALEXIS R. LIRIANO, | : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| Plaintiff, | : : | |
| | : | CIVIL ACTION NO. |
| v. | : : | 2:07-CV-0135-RWS |
| SHERIFF JOE H. ROBINSON; MIKE KATSEGIANES; SGT. JONAS; OFFICER MEYERS; OFFICER N. HANSEN; NURSE LYNN KRIEGER; NURSE DEBORAH BARKHURST; DR. B. THOMPSON | : : : : : : : | |
| Defendants. | : | |

## **ORDER**

Plaintiff Miguel Arias has filed the instant pro se civil rights action. The matter is presently before the Court for a 28 U.S.C. § 1915A frivolity determination.

I.  28 U.S.C. § 1915A Frivolity Determination

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or "indisputably meritless." Caroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A claim may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation).

2

## II. Plaintiff's Claims

Plaintiff complains that: (1) he was diagnosed with, and suffers from, "hemi paralysis," which has caused him to lose the power to move and control the left side of his body, walk normally, or maintain his balance without assistance when attempting to walk or raise his leg; (2) while he was confined at the Barrow County Detention Center between November 17, 2004, and March 19, 2007, three or more inmates were confined to a cell; (3) this cell arrangement resulted in a third bed being placed on the floor such that inmates had to step over the bed when entering or exiting the cell; (4) Plaintiff complained about the hazard because of his condition by submitting letters, grievances, and Inmate Request Forms to Defendants Joe Robinson and Mike Katsegianes, and requested that the floor bed be removed due to the risk to his safety for him to have to maneuver over the floor bed; (5) Plaintiff's complaints were ignored, forcing Plaintiff to attempt to have to step over the bed; (6) as a result, on May 23, 2006, Plaintiff lost his balance while attempting to step over the bed; (7) Plaintiff suffered multiple fractures of his left tibia and fibula bones, which required surgery and placement of a rod in his leg; (8) following Plaintiff's fall, Defendants Jonas, Myers, and Barton visually examined Plaintiff's leg and

3

realized that Plaintiff needed to get emergency treatment; (9) Defendants Jonas and Myers transported Plaintiff to an isolation cell and left him on the floor; (10) during the entire time he was in the isolation cell, he was provided with neither ice nor pain medication; (11) eleven hours after Plaintiff was placed in the isolation cell, Defendant Krieger, a nurse, was called to the area where Plaintiff was locked down; however, she refused to examine Plaintiff's leg and ankle; (12) thereafter, Defendant Krieger advised Defendant Barkhurst, another nurse, that Plaintiff may have suffered a serious injury to his leg and ankle; (13) four hours later, Defendant Barkhurst came in to assess Plaintiff's condition and consulted with a Barrow County Detention Center physician about Plaintiff's injury, which was when he was transported to Barrow Regional Medical Center; (14) in total, Plaintiff suffered in pain for seventeen hours in the isolation cell until he was transported to the hospital; (15) Plaintiff's leg was not "splinted" during transport to the hospital, but instead he was stretched out on the back seat of the vehicle; (16) after Plaintiff had reconstructive surgery on his leg, he was required to undergo physical therapy, as prescribed by the hospital doctor releasing him; (17) Plaintiff was not allowed to receive the prescribed physical therapy because Defendants refused to incur the costs associated therewith; (18) as a result,

4

AO 72A
(Rev.8/82)

Plaintiff's healing process was impeded, and Plaintiff has suffered permanent disability in his leg; (19) Plaintiff's friend complained to one of the defendants about Plaintiff's treatment; (20) in response to the complaint, Plaintiff was punished by being placed in an isolation cell and locked down for twenty-four hours a day; (21) on July 21, 2006, officials decided that Plaintiff would be moved back into a cell with a floor bed; (22) Plaintiff complained to Defendant Hansen that he would rather accept a disciplinary report and go into solitary confinement rather than risk another substantial injury; (23) in response to Plaintiff's complaint, Defendant Hansen forced Plaintiff on the floor, "repeatedly slammed Plaintiff's back against the concrete wall then slammed Plaintiff repeatedly against the steel cell bed frame several times;" straddled Plaintiff's injured leg while intentionally bearing weight on his injured leg, and forced Petitioner's arms behind his back and handcuffed him; (24) after handcuffing Plaintiff, Defendant Hansen struck Plaintiff unnecessarily in the back; and (25) thereafter, Plaintiff was taken to solitary confinement. Plaintiff seeks monetary relief.

5

III. <u>Analysis of Plaintiff's Claims</u>

    A. <u>Deliberate Indifference to Health and Safety</u>

In order to establish that an official's mistreatment of a pretrial detainee[1] violates the due process clause, the detainee must show that the official's conduct demonstrated "deliberate indifference" to a "substantial risk of serious harm." Cottrell v. Caldwell, 85 F.3d 1480, 1490-91 (11th Cir. 1996) (citing Farmer v. Brennan, 511 U.S. 825 (1994)). The test to determine whether a prison official acted with deliberate indifference is subjective. Snipes v. DeTella, 95 F.3d 586, 590 (7th Cir. 1996). A prison official must know of, and disregard, an excessive risk to inmate health and safety, in that "the official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; Snipes,

---

[1] Because Plaintiff was housed at the Barrow County Detention Center, this Court assumes that he was a pretrial detainee at the time of the events giving rise to his crimes. As such, his claims are analyzed under the Due Process Clause of the Constitution. Bell v. Wolfish, 441 U.S. 520, 537 n.16 (1979). If Plaintiff was serving a sentence of confinement, his claims would be subject to Eighth Amendment analysis, but the standards are materially the same, and the outcome of this action would be the same regardless of Plaintiff's status at the time of the events alleged. See Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir. 1985) (holding that with respect to a pretrial detainee's claims about the conditions of confinement, "the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons.").

95 F.3d at 590. The fact that an official did not alleviate a significant risk that he should have perceived but did not falls outside the realm of an Eighth Amendment violation. Farmer, 511 U.S. at 838; Snipes, 95 F.3d at 590. Here, Plaintiff claims that he wrote several letters and grievances regarding his condition of "hemi-paralysis," making prison officials aware of the safety risk of confining him to a cell which had a bed on the floor. His complaints were ignored, and he lost his balance stepping over the bed, resulting in serious injury to his leg. In light of Plaintiff's allegations and his pro se status, the Court cannot say that his claim that Defendants Robinson and Kastegianes were deliberately indifferent to his health and safety is "indisputably meritless." See Caroll, 984 F.2d at 383.

    B.    Gross Negligence and Negligence

Plaintiff also claims that the foregoing acts of Defendants Robinson and Kastegianes also constitute the state law tort of negligence and gross negligence. Although Plaintiff cannot base these claims under § 1983, federal courts are permitted in the absence of diversity jurisdiction to adjudicate state law claims that form part of the same case or controversy as related federal claims. 28 U.S.C. § 1367(c)(3).

7

A federal court's exercise of supplemental jurisdiction over state law claims is discretionary. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). This Court finds that Plaintiff's state law claims of negligence and gross negligence form part of the same case and controversy as those facts that form the basis of Plaintiff's constitutional claims. Accordingly, this Court will exercise supplemental jurisdiction over the state law claims of negligence and gross negligence.

### C. Deliberate Indifference to Serious Medical Needs

In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. If prison officials delay or deny access to medical care or intentionally interfere with treatment once prescribed, the Eighth Amendment is violated. Estelle, 429 U.S. at 104. The indifference can be manifested by prison medical staff members in taking the easier and less efficacious route in the treatment of an inmate. Williams v. Vincent, 508 F.2d 541 (2d Cir. 1974).

Medical treatment that is so incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness violates the

8

Eighth Amendment. Gittlemacker v. Prasse, 428 F.2d 1 (3d Cir. 1970). Mere claims of negligence or inattention by a medical practitioner, however, do not rise to the level of an Eighth Amendment violation which is actionable under § 1983. Estelle, 429 U.S. at 106 (medical malpractice does not become a constitutional violation merely because the victim is a prisoner); Mandel v. Doe, 888 F.2d 783, 787-88 (11th Cir. 1989). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause[.] . . ." Whitley v. Albers, 475 U.S. 312, 319 (1986). In addition, a mere simple difference in medical opinion between the prison's medical staff and the inmate as to diagnosis or course of treatment also does not support a claim of cruel and unusual punishment. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991); see also Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) ("[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."); Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988) ("Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it

9

does not guarantee to a prisoner the treatment of his choice."); Herndon v. Whitworth, 924 F. Supp. 1171, 1174 (N.D. Ga. 1995) ("Mere negligence or even malpractice, however, is not sufficient to constitute an Eighth Amendment violation. . . . A mere difference in medical opinion also will not suffice.") (Ward, J.) (citation omitted).

The Court finds that Plaintiff's claim that he was not provided with any medical assistance for seventeen hours despite the fact that Defendants knew that his leg was probably broken states a claim for deliberate indifference. See Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir. 1990) (finding plaintiff had stated a claim for deliberate indifference where there was an unexplained delay of almost six hours to transport plaintiff to the hospital for a broken foot). The Court also finds that Plaintiff has stated a cognizable claim regarding the Defendants' refusal to provide him with physical therapy in contradiction to doctor's orders. See Demata v. New York State Corr. Dep't of Health Servs., No. 99-0065, 1999 WL 753142 at *4 (2d Cir. Sept. 17, 1999) (finding claim that inmate was denied physical therapy when prescribed potentially raises an Eighth Amendment issue); Bowden v. Rowland, No. 91-15985, 1992 WL 137191 at *2 (9th Cir. Jan. 17, 1992) (reversing district court's dismissal as frivolous

10

plaintiff's claim that defendants deliberately failed to provide him with physical therapy after it was prescribed). Accordingly, these claims also should be allowed to proceed.[2]

    D.    <u>Excessive Force</u>

A claim that an inmate has been physically assaulted by a correctional officer states a claim upon which relief may be obtained. See <u>Brown v. Smith</u>, 813 F.2d 1187 (11th Cir. 1987). "Whenever prison officials stand accused of using excessive physical force constituting 'the unnecessary and wanton infliction of pain' violative of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Hudson v. McMillian</u>, 503 U.S. 1, 1-2 (1992). Plaintiff claims that in response to Plaintiff's complaint that he did not want to return to a cell with a floor bed, Defendant Hansen forced Plaintiff on the floor, "repeatedly slammed Plaintiff's back against the concrete wall then slammed Plaintiff repeatedly against the steel

---

[2] The Court does not find, however, that Plaintiff's claim that he was stretched out on the back seat and his leg was not splinted rises to the level of deliberate indifference. At most, these allegations constitute negligence or a difference in opinion as to the course of treatment and are not cognizable under § 1983.

11

cell bed frame several times;" straddled Plaintiff's injured leg while intentionally bearing weight thereon and bounced up and down on it several times, forced Petitioner's arms behind his back and handcuffed him, after which he punched Plaintiff in the back. In light of Plaintiff's allegations, this Court cannot find that Plaintiff's claim of excessive force against Defendant Hansen is "indisputably meritless." Carroll, 984 F.2d at 393.

### E. Assault and Battery

As set forth above, this Court's exercise of supplemental jurisdiction is discretionary. See Gibbs, 383 U.S. at 726. The Court finds that Plaintiff's state law claims of assault and battery form part of the same case and controversy as those facts that form the basis of Plaintiff's constitutional claims. Accordingly, this Court will exercise supplemental jurisdiction over the state law claims of assault and batter against Defendant Hansen.

### F. Retaliation

An act in retaliation for an inmate's exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, would have been proper. Wildberger v. Bracknell, 869 F.2d 1467 (11th Cir. 1989). Punishing or retaliating against a prisoner for filing a grievance violates the

12

prisoner's First Amendment right to petition for the redress of grievances. See Trobaugh v. Hall, 176 F.3d 1087 (11th Cir. 1999). A retaliation claim has three elements: (1) the prisoner engaged in protected conduct, (2) an adverse action was taken against the prisoner that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) a causal connection exists between the first two elements, i.e., the prisoner's protected conduct motivated at least in part the adverse action. Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999).

Here, Plaintiff's friend, rather than Plaintiff, complained about Plaintiff's treatment. Thus, Plaintiff has failed to demonstrate the first element – i.e., that he himself engaged in protected conduct for which he received adverse consequences. Accordingly, Plaintiff has failed to state a cognizable retaliation claim under § 1983.

IV. Conclusion

In light of the foregoing analysis, the following claims are **ALLOWED TO PROCEED** as any other civil action: (1) deliberate indifference to Plaintiff's health and safety; (2) negligence and gross negligence; (3) deliberate indifference to Plaintiff's serious medical needs; (4) excessive force; and (5) assault and

13

battery. All other claims are dismissed as frivolous pursuant to 28 U.S.C. § 1915A.

V.   Directions

The Clerk is hereby **DIRECTED** to send Plaintiff the USM 285 form, summons, and the initial disclosures form. Plaintiff is **DIRECTED** to complete the USM 285 form, summons, and the initial disclosures form, and to return one of each for each Defendant named in the complaint within twenty (20) days from the entry date of this Order to the Clerk of Court. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant. The service waiver package must include, for each Defendant, two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by each Defendant for return of the waiver form, one (1) copy of the complaint, one (1)

copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 forms(s) and the summons(es).

Upon completion of the service waiver package(s), the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver package(s) to each Defendant. Defendant has a duty to avoid unnecessary costs of serving the summons. If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event a Defendant does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for each Defendant who failed to return the waiver form. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve each Defendant who failed to waive service. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

15

Plaintiff is **DIRECTED** to serve upon Defendant or his counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant or his counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendant advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

**IT IS SO ORDERED**, this  31st  day of July, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)